# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL WITHERELL,

        Petitioner,               Case Number: 07-CV-12216

v.                                      HONORABLE NANCY G. EDMUNDS

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S "MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS"

Petitioner Daniel Witherell, a state inmate currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree home invasion. Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Court finds that the petition was not timely filed and grants the motion.

## I.

Following a jury trial in Ingham County Circuit Court, Petitioner was convicted of second-degree home invasion. On April 29, 1998, he was sentenced as a fourth habitual offender to thirty to sixty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Witherell, No. 212487 (Mich. Ct. App. Jan. 4, 2000). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. People v. Witherell, No. 116240 (Mich. June 26, 2000).

On March 2, 2001, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. That petition was dismissed without prejudice on January 14, 2002.

On October 10, 2005, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. People v. Witherell, No. 97-72941-FH (Ingham County Circuit Court March 17, 2006). Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Witherell, No. 270158 (Mich. Ct. App. Nov. 9, 2006); People v. Witherell, No. 132616 (Mich. Apr. 24, 2007).

Petitioner filed the pending petition on May 16, 2007.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state

2

post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on June 27, 2000, the day after the Michigan Supreme Court denied leave to appeal his conviction.  Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included").  The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on September 24, 2000.  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions.  Id. at 285.  Accordingly, the limitations period commenced on September 25, 2000.  Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by September 25, 2001, to comply with the one-year limitations period.

On March 2, 2001, Petitioner filed a petition for a writ of habeas corpus in the United Stated District Court for the Western District of Michigan.  That petition was dismissed without prejudice on January 14, 2002.  The Supreme Court has held that 28 U.S.C. § 2244(d)(2)'s tolling provision "does not toll the limitations period during the pendency of a federal habeas petition."  Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001).  However, the Court did not foreclose the possibility that a federal court may equitably toll the limitations period during the pendency of a federal habeas corpus petition.  Id. at 2130 (Stevens, J. concurring).  In this case, because tolling the limitations period during the time Petitioner's first habeas petition was

3

pending does not impact the timeliness of the current petition, the Court will assume, without deciding, that Petitioner is entitled to equitable tolling of the limitations period from March 2, 2001 through January 14, 2002. Thus, the limitations period was tolled on March 2, 2001, with 206 days remaining. The limitations period recommenced on January 14, 2002, when the district court dismissed the petition without prejudice. The limitations period continued to run, uninterrupted until it expired on August 9, 2002.

Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until October 10, 2005, over three years after the limitations period already had expired. Thus, the petition is untimely.

Petitioner argues that the limitations period should be equitably tolled because, in December 2003, his legal materials were confiscated from a prisoner paralegal, and not returned to him for five months. Petitioner also argues that he has been medicated for chronic pain and for mental health reasons for several years, which denies him the ability to develop sound legal arguments or comprehend the consequences of missing deadlines.

The five-month loss of his legal materials from late 2003 through early 2004 does not explain why Petitioner delayed in filing his motion for relief from judgment in state court until October 10, 2005. In addition, Petitioner's conclusory allegation that his various medications prevented him from preparing pleadings or understanding deadlines is insufficient to warrant equitable tolling. To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1087

4

(2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Illness – mental or physical – tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." Price v. Lewis, 119 Fed. App'x 725, 726 (6th Cir. 2005). Petitioner makes no showing that the medication he received actually prevented him from pursuing his legal rights.

In addition, Petitioner claims that the limitations period should not bar his habeas petition because he was ignorant of the law and the relevant limitations period. Petitioner's ignorance of the law alone is not sufficient to delay commencement of the limitations period. *See* Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004). This is so even when the petitioner is acting *pro se* and is uneducated. *See* Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim that he was unlearned in the law will not serve to delay the running of the one-year limitations period.

### III.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 6, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2008, by electronic and/or ordinary mail.

                                  s/Carol A. Hemeyer
                                  Case Manager